UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.  4:04CR389** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**MEMORANDUM OF OPINION**</u> |
| | ) | |
| **DAVID WRIGHT,** | ) | |
| | ) | |
| Defendant. | ) | |

On August 3, 2005, Defendant David Wright was sentenced on Count 1 of the Indictment for possession with intent to distribute cocaine and cocaine base ("crack"), in violation of 21, § 841(a)(1), and Count 2 of the Indictment for using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Wright had previously entered a plea of guilty pursuant to a written plea agreement. For the reasons set forth below, the Court is imposing a sentence below the advisory Guideline range.[1]

---

[1] The Court pronounced this decision from the bench at the August 3, 2005 sentencing hearing.

The parties agreed that the total amount of drugs attributable to the defendant is 1.21 grams of crack cocaine.  [Addendum to Presentence Report at 18.]  The adjusted offense level, after deducting two levels for acceptance of responsibility and the third level for a timely guilty plea [U.S.S.G. § 3E1.1(b)] is 15, and the Defendant is in Criminal History Category III.  This yields an advisory Guideline sentencing range of 24-30 months for Count 1.  There is a mandatory minimum sentence of five years for Count 2 which must be imposed consecutive to the sentence for Count 1.  This produces a total range of 84-90 months.

Defendant concedes, however, that he is a career offender, within the meaning of U.S.S.G. § 4B1.1, because of two prior convictions for crimes of violence, *e.g*., Aggravated Robbery; Burglary in 1982 (age 17) and two counts of Burglary; Complicity to Burglary in 1984 (age 20).  In the 1984 conviction, the state indictment and conviction records establish that Wright "by force, stealth or deception, trespassed in an occupied structure."  This fact was brought out at Wright's sentencing hearing on July 22, 2005 [which was continued at defendant's request to August 3, 2005], and is contained in the revised Presentence Report of July 29, 2005.  This conviction is therefore a "crime of violence" under the advisory Guidelines.  Applying the career offender enhancement, the defendant's total offense level is 29 (32 -3).  He is in Criminal History Category VI.  This yields an advisory Guideline sentencing range of 151-188 months for Count 1.  The mandatory five-year consecutive sentence for Count 2 must still be imposed, yielding a total range of 211-248 months.

The Court has reviewed the thorough Presentence Report, listened to counsel, and to the defendant.  Sentencing is extremely difficult, and is the hardest part of my job.  In some ways it is harder after the Booker decision because the Court now has some level of discretion, and so it is

2

incumbent on me to exercise it wisely and appropriately and reasonably, and as of yet there is not a great deal of appellate guidance on the issue of reasonableness.   I am required to consider very carefully the advisory Guideline range and then focus on 18 U.S.C. § 3553(a), considering the nature and circumstances of the offense, and the history and characteristics of this particular defendant.  That law directs me to impose a sentence which is sufficient but not greater than necessary to effectuate the four statutory purposes of sentencing, which are punishment, deterrence, protecting the community, and rehabilitation.

      I have always felt from my years as a prosecutor and now my years as a judge, that the problem with the career offender designation is that it is all or nothing, and there is no gradation, no calibration.  You are either a career offender or you are not, and if you are, your sentence is increased exponentially.  I find that that is not reasonable in this case, looking at the particular history and characteristics of this defendant.

      Both of Wright's convictions occurred when he was very young.  He is now 41.  His two prior felonies occurred when he was age 17 and age 20, more than 20 years ago.  He served 14 years in prison as a result of these prior convictions.  He was released in 1998 and concluded parole successfully in January of 2000.  There are no offenses on his record between that time and this offense, which occurred in April and May of 2004.

      On the other hand, this is a very serious offense.  People say that drug trafficking is a victimless crime.  They should have my job for about two minutes.  Basically, Wright was selling poison in the community, and he had a lot of guns that were not hunting weapons to protect his drugs, his money and his drug trafficking operation.  There is no question that he had an extensive drug trafficking

3

operation, and that he should be punished accordingly.

But I find that to impose a sentence of more than 17 years (the low end of the career offender range for Count 1 which is twelve and a half years, plus a five year sentence for Count 2 which must be imposed consecutively) would not be reasonable given the age of this defendant and the nature and circumstances of the offense.

On Count 1, I am sentencing Wright to 63 months custody of the Attorney General.  I am doing this because, but for the career offender designation, he would be at adjusted offense level 15.  Career offender puts him at 29; 24 is toward the midpoint, but closer to career offender.  Wright would be in Criminal History Category III based on his two prior convictions.  So I am imposing a sentence within the advisory Guideline range for offense level 24, criminal history category III.  That is 63 to 78 months.  There is a statutory mandatory five-year consecutive sentence of 60 months on Count 2, for a total sentence of 123 months, just over ten years.  This will be followed by a five-year period of supervised release.  I am not imposing a fine, as I don't believe that the defendant has the resources to pay one.  There is a mandatory $200 special assessment.

I believe if a greater than 10-year sentence is not sufficient to reflect the seriousness of this offense, to protect the community, and to deter the defendant from any more crimes, another six or seven years in prison won't accomplish it either.  Accordingly, I have concluded that a sentence of 123 months is reasonable and appropriate in this case.

                                                   */s/Dan Aaron Polster 8/17/05*
                                                   Dan Aaron Polster
                                                   United States District Judge