**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Case No. 4:04CR389** |
| | ) | |
| **Plaintiff,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **DAVID WRIGHT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Motion of Defendant David Wright for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) ("Motion"). (**ECF No. 46**.) Wright argues that he is eligible for a reduced sentence pursuant to the so-called crack amendments[1] and asks the Court to reduce his sentence on Count 1 from 63 months to 51 months. The United States opposes the Motion. (ECF No. 47.) For the following reason, the Court **DENIES** the Motion.

**I.**

On July 20, 2004, Defendant Wright was charged, in a sealed indictment,[2] with conspiring with others to possess with the intent to distribute more than 50 grams of cocaine base ("crack"), and more than 5 kilograms of cocaine (Count 1); using and carrying various firearms during and in relation to a drug trafficking crime (specifically, a .22 LR bolt action rifle, a .38

---

[1] See infra at 4-5.

[2] A non-document entry shows that the indictment was unsealed on 8/14/04.

caliber revolver, a .22LR semi-automatic pistol, a 9 mm semi-automatic pistol, a 12 gauge pump action shotgun, a .410 pump action shotgun, a 9 mm semi-automatic rifle and a .45 ACP semi-automatic pistol) (Count 2); maintaining a residence for the purpose of distributing crack (Count 3); and being a felon in possession of the aforementioned arsenal and ammunition (Count 4). (ECF No. 1.)

On March 24, 2005, Defendant Wright pled guilty, pursuant to a plea agreement, to one count of possession with intent to distribute 2 grams of cocaine base (Count 1) and to one count of using or carrying a firearm during and in relation to a drug trafficking crime (Count 2). (See ECF No. 25, Minutes of Proceedings; ECF No. 26, Plea Agreement.) The base offense level for the nature and quantity of drugs in Count 1 would normally be an 18, presumably under U.S.S.G. § 2D1.1(c)(11). However, the parties agreed that, based on having at least two prior convictions for crimes of violence, Wright was subject to the enhanced penalty provisions for career offenders under U.S.S.G. § 4B1.1, and that the base offense level for career offenders was 32. (Plea Agr. ¶¶ 3-4.) The Government agreed to recommend a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) at the time of sentencing, so long as Wright's conduct continued to reflect his acceptance of responsibility at that time. (Id. ¶ 9.) The parties agreed that such a finding by the Court would result in a base offense level of 29. The parties also agreed that, pursuant to U.S.S.G. § 2K2.4, Wright was subject to a mandatory minimum prison term of 5 years on Count 2 consecutive to the sentence that would be imposed for Count 1. (Id.) The agreement reflected Wright's understanding that, although his criminal history category would not be determined by the Court until the sentencing hearing after an investigation by the U.S. Probation Office, as a career offender, his criminal history category would be VI

regardless of his criminal history points. (Plea Agr. ¶ 10; see also U.S.S.G. § 4B1.1(b).) Given the above, the Government agreed to request dismissal of Counts 3 and 4 at the time of sentencing. (Id.)

At the sentencing hearing held on August 3, 2005, the Court noted that the base offense level for Count 1 would normally be 18, presumably under U.S.S.G. § 2D1.1(c)(11). However, the Court determined that Wright was in fact a career offender under § 4B1.1, as stipulated by Wright in the plea agreement, and acknowledged by the parties during the previous change-of-plea hearing. As such, the base offense level for Count 1 was 32. The Court granted the Government's request for a three-level reduction for acceptance of responsibility, resulting in a total offense level of 29. Because of Wright's career offender status, the Court determined that he must be placed in criminal history category VI, with an applicable guidelines sentencing range of 151 to 188 months. The Court also determined that Count 2 required a mandatory five year sentence consecutive to the sentence imposed on Count 1. The parties agreed that the Court's calculation of the applicable sentencing range for Count 1 was correct, and that the statutory mandatory five-year sentence for Count 2 must be applied consecutively.

The court then entertained argument from counsel on a reasonable sentence. Wright's attorney argued that an 18-year sentence was unreasonable because he had anticipated a sentence in the range of seven years (or 84 months) without the career offender designation, and 18 years was just plain unreasonable under the circumstances. The prosecutor disagreed. She noted that the Government had already capitulated by agreeing to reduce the drug quantity in Count 1 from 5 kilograms of cocaine to the amount of the controlled buy (i.e. 2 grams of crack) – which in itself reduced the starting point for a career offender from offense level 37 to offense level 32.

She explained that it is the U.S. Attorney's Office policy not to waive career offender status. She considered the agreed applicable range (i.e., 151 to 188 months) reasonable because the case in fact involved a major drug conspiracy taking place over an extended period of time in a residence that contained closed circuit video cameras, a small arsenal of weapons, ammunition and drug paraphernalia. After listening to the parties' arguments, the Court observed that Wright's previous crimes occurred more than 20 years earlier, but that his present offenses were nonetheless serious. The Court expressed its opinion that a sentence of nearly 18 years (representing 151 months on Count 1 and 60 more months on Count 2) was unreasonable given Wright's age and the nature and circumstances of his crimes. Accordingly, the Court sentenced Wright to 63 months, representing the low end of the range for offense level 24 and criminal history category III, on Count 1. With the mandatory consecutive five-year sentence for Count 2, the total sentence imposed by the Court was 123 months.

Wright now maintains that he is eligible for a reduced sentence on Count 1 pursuant to the so-called crack amendments. These amendments came about on November 1, 2007, when the United States Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. Supp. to App. C, amend. 706 (2008). The effect of Amendment 706 was to provide a two-level reduction in the base offense levels for most crack cocaine offenses. See id. The Commission made this Amendment retroactively applicable, effective as of March 3, 2008. See U.S.S.G. Supp. to App. C, amend. 713.

Based on Amendment 706, Wright asks the Court for a reduction of two more offense levels (i.e., from 24 to 22) on Count 1, which would result in a guidelines sentencing range of 51-63 months. (Motion, at 1.) He then asks the Court to sentence him to the bottom of that

range, or 51 months. (Id.) He argues that, because the starting point the Probation Office used for calculating the offense level was § 2D1.1, his sentence was "based on" § 2D1.1; thus, he is entitled to the two-level reduction.

The Court has limited authority to reduce a sentence under 18 U.S.C. § 3582(c). *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). This section provides, in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that – . . .
>
>> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). In considering Wright's motion to reduce his 63-month sentence on Count 1, the Court must determine whether the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" – or amended § 2D1.1. Id.

The record shows that Court did not base Wright's 63-month sentence on the base offense level for Count 1 under amended § 2D1.1. The Court noted that the base offense level for Count 1 under § 2D1.1 would have been offense level 18 absent career offender designation. However, the Court concluded, and the parties agreed, that Wright was a career offender under § 4B1.1, and that the appropriate base offense level for Count 1 was 32. Ultimately, after consideration of counsel's argument and all relevant factors, the Court imposed a sentence of 63 months which, the Court noted, reflected the lower end of the guidelines range for offense level

24, criminal history III.  Thus, contrary to Wright's argument, the record shows that the starting point for the Court's calculation was the career offender base offense level of 32 under § 4B1.1.

The Sixth Circuit has consistently held that Amendment 706 offers no relief to those defendants who have been sentenced as career offenders.  *United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009); *United States v. Alexander*, 543 F.3d 819 (6th Cir. 2008); *United States v. Leasure*, No. 07-6125, 2009 WL 1546370, at *7 (6th Cir. Jun. 3, 2009).  Wright does not contest his designation as a career offender.  Nor does he deny that his career-offender status was correctly determined.

Accordingly, the Motion of Defendant David Wright for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (**ECF No. 46**) is hereby **DENIED**.

    **IT IS SO ORDERED.**

    */s/Dan Aaron Polster     August 19, 2009*
**Dan Aaron Polster**
**United States District Judge**